OPINION OF THE COURT
Bellacosa, J.
The issue on this appeal is whether any rational view of the trial evidence supports the jury verdict that the City of Elmira’s fire truck driver acted with reckless disregard of the safety of others (Cohen v Hallmark Cards, 45 NY2d 493, 499; Vehicle and Traffic Law § 1104 [e]). Plaintiff, a motorcyclist, won a jury verdict based on proof of defendant’s driver’s failure to satisfy the statutory standard of care. The Appellate Division affirmed the verdict and judgment in that material respect. Defendant appeals on a two-Justice dissent predicate. It argues that plaintiff’s proof is insufficient as a matter of law *508 to support the verdict. We conclude that the Appellate Division order should be affirmed because the jury had a rational evidentiary basis to find that the City of Elmira, through its driver, acted with reckless disregard of the safety of others.
L
In the late morning on August 4, 1986, plaintiff Campbell sustained personal injuries when his motorcycle struck defendant’s fire truck in the intersection of Clemens Center Parkway and East Second Street in the City of Elmira. Plaintiff was travelling in the left passing lane of Clemens Center Parkway. Defendant’s yellow pumper fire truck was proceeding on East Second Street in response to a general alarm at the county jail. The accident occurred when defendant’s truck proceeded through the intersection at a speed of 10 to 15 miles per hour against a red light. Plaintiff, approaching with a green light in his favor, collided with the rear wheel well of the fire truck after he unsuccessfully attempted to stop his motorcycle upon noticing the fire truck entering the intersection. Plaintiff claims that he engaged his brake as soon as he saw the fire truck, prior to his reaching the intersection. His motorcycle left a skid mark of 44 feet 5 inches. Plaintiff testified that he did not hear any horns, sirens or warning sounds.
The evidence at trial revealed numerous disputed issues of fact and credibility regarding the parties’ sharply differing versions of the happening of the accident. Notably, conflicting testimony and inferences emerged regarding whether the fire truck driver ever looked towards the lane and direction that plaintiff was travelling on Clemens Center Parkway before the defendant’s driver entered the intersection; whether defendant’s driver accelerated or decelerated once in the intersection; whether any emergency soundings were heard; and whether defendant’s driver even knew the color of the light when he entered the intersection. The emergency truck driver acknowledged at trial that he had a statutory duty to check the color of the light prior to proceeding into and through the intersection because that would affect the level of care he was obligated to satisfy in going forward, even with an emergency right of way.
After presentation of evidence by both sides, the jury deliberated and returned a plaintiff’s verdict. The City, through its driver employee, was found responsible for recklessly disre *509 garding the safety of others in the operation of the fire truck and proximately causing serious injuries to plaintiff. The jury found no comparative fault against plaintiff and awarded him damages.
The Appellate Division, appropriately evaluating the evidence after a jury verdict and allowing, as required, for the inferences in the light most favorable to a plaintiff in such procedural circumstances, essentially affirmed, finding the verdict rationally supported by the evidence (Campbell v City of Elmira, 198 AD2d 736). On an aspect not in dispute on this appeal, the Appellate Division reduced the award by $55,000 as duplicative damages and, as so modified, affirmed. Two Justices dissented, voting to reverse the judgment and dismiss the complaint on the ground, in their view, that the evidence was insufficient as a matter of law to support a verdict of reckless disregard of the safety of others. The dissenting Judges in this Court essentially take that view of the case as well.
IL
The resolution of the pivotal evidentiary question starts with a consideration of the governing Vehicle and Traffic Law statute. After reciting the privileges of an emergency vehicle driver, Vehicle and Traffic Law § 1104 (e) states in its entirety: "The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.” Under the procedural circumstances presented, that standard must be factored within the well-settled confines of the narrowly restricted level of appellate review governing "insufficiency-as-a-matter-of-law” challenges, especially as to affirmed jury verdicts (Cohen v Hallmark Cards, 45 NY2d 493, 499, supra; contrast, Zuckerman v City of New York, 49 NY2d 557, 562 [discussing summary judgment review standard]).
We have recently reiterated that the "relevant inquiry [is] whether 'there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial’ ” (Mirand v City of New York, 84 NY2d 44, 48-49 [emphasis added] [citing Cohen v Hallmark Cards, 45 NY2d 493, 499, supra]; see also, Shante D. v City of *510 New York, 83 NY2d 948; McCummings v New York City Tr. Auth., 81 NY2d 923, 926, cert denied — US —, 114 S Ct 548). When it can be said that "it would not be utterly irrational for a jury to reach the result it * * * determined * * *, the court may not conclude that the verdict is as a matter of law not supported by the evidence” (Cohen v Hallmark Cards, supra, at 499 [emphasis added]). Based on these rigorous standards under our governing precedents, the jury verdict and finding in this case — that defendant is liable because its emergency vehicle violated the defined boundaries of Vehicle and Traffic Law § 1104 (e) — satisfy the minimal "not utterly irrational” appellate review test (id.).
Ill
We begin our substantive consideration of the merits with the particular statutory description of the reckless disregard standard (Vehicle and Traffic Law § 1104 [e]). The analysis partakes of a precise statutory formulation, a general intentionality concerning the alleged wrongdoer’s actions, and other customary features of recklessness, i.e., disregard of a known or obvious risk so great as to make it highly probable that harm would follow and done with conscious indifference to the outcome (see, Vehicle and Traffic Law § 1104 [e]; see also, Prosser and Keeton, Torts § 34, at 212-214 [5th ed]; compare, Saarinen v Kerr, 84 NY2d 494, 501 [decided today]; compare also, Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 453; Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823-824).
This Court’s efforts to provide uniformity and understanding of the operative standard of care do not occur in a vacuum, any more than our struggle to apply the agreed-upon standard to varied fact patterns in different procedural settings does. We should not overlook the fact, for example, that the simple word, recklessness, has a long and multisourced history. The variety of sources of authority should appropriately be tapped to help inform our analysis and articulation. We should recognize, too, that the application of the adopted formulation must accord with the appropriate procedural context in which standards of proof and appellate review modalities must be aligned and have relevance, be they preponderance of evidence, as in the instant case, or as a matter of law on a summary judgment nonevidentiary record (Zuckerman v City of New York, 49 NY2d 557, 562, supra).
We are in total agreement that parties may be found to
*511 have acted in violation of the statutory formulation when they consciously — and, thus, with general intentionality, not necessarily with intent to cause particular injury — disregard known serious risks of harm. The decision to ignore a grave risk, which is likely to result in harm to others, may satisfy the intentional aspect sufficient to impose liability (see, Prosser and Keeton, op. cit., at 212-214; see also, Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 453, supra; see also, Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823-824, supra).
We apply the Vehicle and Traffic Law civil statutory standard, based on a fusion of the variety of sources of authority. Our decision that the evidence at this trial rationally supports the jury’s conclusion respects the jury’s deliberations in weighing and resolving disputed fact and credibility questions, and in arriving at its judgment that defendant’s driver acted intentionally, while aware of a grave risk which he consciously disregarded and knowingly ignored in a circumstance of high probability that harm would ensue. From evidentiary rooted findings, the jury could rationally have concluded that the experienced fire truck operator intentionally violated the statutory mandate when he recklessly flaunted the risks of proceeding in an emergency setting into an intersection against a red traffic light, indifferently and in disregard of any modicum of statutorily required attentiveness (see also, Vehicle and Traffic Law § 1104 [b] [2]; § 1144 [b]).
Defendant’s claims and the dissenting opinion’s assertions notwithstanding, this is not a case where the fire truck driver fulfilled his corresponding part of the statutorily imposed obligations to take nonreckless safety and due care precautions for others, in order to avail himself of the emergency right-of-way dispensation from observing usual traffic controls. This is not simply a case of a driver running a red light and committing mere negligence. This case is about the jury’s consideration and resolution of defendant driver’s more flagrant, nuanced and complex, conscious violation of Vehicle and Traffic Law § 1104 (e). Our disagreement with our dissenting colleagues in this case, thus, turns essentially, indeed solely, on the application of the particular statutory standard of care.
IV.
By contrast, in Saarinen v Kerr (84 NY2d 494, supra), the Court is unanimous with respect to the result and application *512 of the rule and concludes that no triable issues of fact are presented. The Court in that case could discern no triable or reasonable view of the record to support a possible violation of the statutory standard of care in a municipal emergency context in the summary judgment procedural mode in which that case comes to us for review. Moreover, Saarinen v Kerr (84 NY2d 494, supra) presents a once-more removed vicarious liability setting in that the pursued driver, and not the pursuing officer, was the actor who crashed into and injured the plaintiff in that case. It is important to emphasize, too, the cautiously progressive series of actions taken by the police officer in Saarinen in pursuing a manifestly dangerous drunk driver. Because no triable issues of fact are presented, unlike the instant case, we agree that defendant in that case is plainly entitled to summary judgment. The record there satisfies us that the officer acted in accordance with the statute as a matter of law (Saarinen v Kerr, 84 NY2d 494, supra).
Notably, the instant case involves very different facts and was tried before a jury because of sharply disputed facts and inferences, and resulted in a plaintiff’s jury verdict and an affirmance by the Appellate Division. While some of our colleagues would upset those results by applying the governing standard of recklessness differently because they see no material variations from Saarinen v Kerr (id.), we respectfully disagree for the reasons we have stated.
V.
Moreover and importantly, the Legislature’s choice of words in Vehicle and Traffic Law § 1104 (e) reflects a carefully calibrated standard. Subdivisions (a) through (d) relieve emergency vehicle personnel and their municipal employers of ordinary traffic observance responsibilities. We are unanimous, however, that subdivision (e) attaches a qualification to the exemption from liability.
On the one hand, the more rigorous standard before allowing for municipal liability arising out of emergency circumstances accommodates the realities of the dangerous conditions encountered by officers in performing their municipal duties with necessary dispatch and dispensation from ordinary care. On the other hand, though, the Legislature retains and recognizes the potential for liability as a protection for the general public against disproportionate, overreactive conduct. *513 Conduct measured against such a calibrated formulation is not always or easily resolvable as a matter of law without some appropriate fact-finding forum and process, any more than simple negligence usually is. The more rigorous statutory test before allowing liability thus retains some incentives for moderating and deescalating the already dangerous situations when emergency personnel are engaged in their valiant and important services. Thus, while the Legislature shields municipalities from simple negligence and mere errors in judgment, it also protects innocent victims and the general public by expressly not relieving emergency operators and their municipal employers of all reasonable care (see, Vehicle and Traffic Law § 1104 [e] [employing reckless disregard, and not intentional harm, standard for imposing liability]; see also, Vehicle and Traffic Law § 1104 [b] [2] [under emergency conditions, emergency vehicle driver may proceed past red light "only after slowing down as may be necessary for safe operation”]; Vehicle and Traffic Law § 1144 [b] [while emergency vehicle operator has right of way, emergency driver is not relieved of duty to drive with reasonable care for all persons using the highway]).
The narrow scope of appellate evidentiary review, when factual and credibility issues are in such dispute, supports giving prudent deference to the traditional, trusted jury process, so long as the required rationality minimum of evidence is adduced to show that the statutory standard of care has been violated. In affirming the Appellate Division’s decision which upheld the jury verdict, the Court in this case fulfills its assigned function by faithfully applying these well-established evidentiary rules of care and appellate review.
We have considered appellant’s additional points on appeal and conclude that they are without merit.
Accordingly, the order of the Appellate Division should be affirmed, with costs.