■ STEPHEN ROUSE et al., Appellants, v JOSEPH DAHLEM et al., Respondents. [643 NYS2d 744] —Casey, J.

Plaintiff Stephen Rouse (hereinafter plaintiff) and his wife

commenced this action to recover damages which arise out of injuries sustained by plaintiff when the motorcycle he was driving collided with a police vehicle driven by defendant Joseph Dahlem (hereinafter defendant), a Dutchess County Deputy Sheriff. At the time of the accident, plaintiff's motorcycle was the object of a police pursuit and defendant had activated the lights and siren of his police vehicle. As he was proceeding northbound, defendant observed plaintiff's motorcycle heading toward him in the southbound lane. Defendant crossed the center line and drove into the southbound lane to block plaintiff's path. The collision ensued.

After issue was joined and discovery conducted, defendants moved for summary judgment dismissing the complaint on the ground that defendants are immune from liability pursuant to the emergency vehicle provisions of Vehicle and Traffic Law § 1104. Concluding that as a matter of law defendant had not exhibited reckless disregard for the safety of others, Supreme Court granted defendants' motion. We are constrained to reverse.

As a result of his involvement in "an emergency operation", defendant was statutorily authorized to drive his police vehicle across the center line and into the opposite lane of traffic (Vehicle and Traffic Law §§ 101, 114-b, 1104 [b] [4]). The statutory privilege granted by the statute is, however, conditional, for defendant remained subject to "the duty to drive with due regard for the safety of all persons" (Vehicle and Traffic Law § 1104 [e]). Nor does the privilege protect defendant "from the consequences of his reckless disregard for the safety of others" (id.). The Vehicle and Traffic Law also imposed certain obligations on plaintiff and other drivers when confronted with the immediate approach of an authorized emergency vehicle (see, Vehicle and Traffic Law § 1144 [a]), but defendant was not thereby relieved "from the duty to drive with reasonable care for all persons using the highway" (Vehicle and Traffic Law § 1144 [b]). As defendant's operation of his vehicle was subject to the statutory conditional privilege, the issue on this appeal is whether the evidence in the record establishes as a matter of law that defendant did not act in reckless disregard for the safety of others, including plaintiff (see, Vehicle and Traffic Law § 1104 [e]).

On the issue of reckless disregard, "parties may be found to have acted in violation of the statutory formulation when they consciously—and, thus, with general intentionality, not necessarily with intent to cause particular injury—disregard known serious risks of harm. The decision to ignore a grave risk, which

is likely to result in harm to others, may satisfy the intentional aspect sufficient to impose liability" (*Campbell v City of Elmira*, 84 NY2d 505, 510-511). In *Campbell v City of Elmira* (*supra*), the operator of a fire truck, with its lights and siren activated, entered an intersection at 10 to 15 miles per hour against a red light and was struck by a vehicle which had the green light. A majority of the court held that evidence of the fire truck driver's lack of "statutorily required attentiveness" was sufficient to permit a jury to find that the driver "recklessly flaunted the risks" so as to arise above mere negligence and constitute a "more flagrant, nuanced and complex, conscious violation of Vehicle and Traffic Law § 1104 (e)" (*supra*, at 511).

Although the case at bar is at a different procedural stage, summary judgment, with a different standard of proof (*see*, *Zuckerman v City of New York*, 49 NY2d 557, 562), the holding and principles set forth in the *Campbell* case compel us to reverse Supreme Court's order. There is disputed evidence in the record as to whether defendant committed mere negligence by simply crossing the center line and entering the opposite lane of traffic or, instead, failed to satisfy "the statutorily imposed obligations to take nonreckless safety and due care precautions for others" (*Campbell v City of Elmira*, 84 NY2d 505, 511, *supra*).

Defendant testified that when he first saw plaintiff approaching in the southbound lane, the motorcycle was about 100 yards away. According to defendant, he crossed into the southbound lane and stopped to block plaintiff's path. Defendant testified that when he stopped his vehicle, plaintiff's motorcycle was more than 100 feet away and "[a]t no time did it appear that the motorcycle was going to stop". Defendant conceded that he took no evasive action to avoid the collision. Plaintiff testified that he was "[m]aybe a half a block, if that" away from defendant's vehicle when it "swerved" into the southbound lane and that he "didn't have a chance to * * * hit the brakes". An eyewitness provided a statement in which she described the accident. According to the eyewitness, "the police vehicle turned suddenly into the path of the motorcycle * * * definitely veered into the motorcycle [and] cut it off". The eyewitness emphasized that the police vehicle "was not stationary" at the time of the impact with plaintiff's motorcycle.

Although the evidence is not free from dispute, it does raise a question of fact as to whether defendant deliberately drove his vehicle into the path of plaintiff's motorcycle in such a manner that a collision was likely, if not unavoidable, and thereby consciously disregarded a known serious risk of harm.

As the majority emphasized in *Campbell v City of Elmira* (*supra*, at 512-513), the Legislature recognized the need for a more rigorous standard for liability arising out of emergency circumstances, but also retained the potential for liability based upon "disproportionate, overreactive conduct. Conduct measured against such a calibrated formulation is not always or easily resolvable as a matter of law without some appropriate fact-finding forum and process, any more than simple negligence usually is." If evidence of a fire truck driver's lack of "attentiveness" while entering an intersection against a red light is sufficient to permit a jury to find that the driver "recklessly flaunted the risks" so as to constitute a "flagrant, nuanced and complex, conscious violation of Vehicle and Traffic Law § 1104 (e)" (*supra*, at 511), it necessarily follows that evidence of defendant's intentional crossing of the center line and deliberately driving into the immediate path of plaintiff's motorcycle, while aware of a grave risk which he consciously disregarded and knowingly ignored in a circumstance of high probability that harm would ensue, is sufficient to preclude a finding as a matter of law that defendant did not act with reckless disregard for the safety of others.

Based on the foregoing analysis, and inasmuch as the facts of this case are readily distinguishable from those in which no liability under Vehicle and Traffic Law § 1104 (e) has been found as a matter of law (*see, e.g., Saarinen v Kerr*, 84 NY2d 494; *Mullane v City of Amsterdam*, 212 AD2d 848), we conclude that defendants' motion must be denied for failure to demonstrate entitlement to judgment as a matter of law on the issue of reckless disregard for the safety of others.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.