■ MARK MILES, Appellant-Respondent, v PAUL ITALIANO et al., Respondents-Appellants. [666 NYS2d 506] —In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered September 18, 1996, as, upon a determination made at

the close of the plaintiff's case granting the defendants' motion for judgment as a matter of law, dismissed the complaint, and (2) the defendants cross-appeal from so much of the same judgment as dismissed their affirmative defenses.

Ordered that the cross appeal is dismissed, as the defendants are not aggrieved by the judgment (*see,* CPLR 5511; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

Giving the plaintiff the benefit of every favorable inference to be reasonably drawn from the evidence, there was no rational basis upon which the jury might have concluded that the defendants were liable for the plaintiff's alleged injuries (*see,* Vehicle and Traffic Law § 1104; *Saarinen v Kerr,* 84 NY2d 494; *Campbell v City of Elmira,* 84 NY2d 505). Accordingly, the court did not err in granting the defendants' motion for judgment as a matter of law (*see,* CPLR 4401; *Rhabb v New York City Hous. Auth.,* 41 NY2d 200). Ritter, J. P., Sullivan, Goldstein and Lerner, JJ., concur.