■ JoAnn Gervasi, Appellant, v Sherman Peay et al., Respondents. [679 NYS2d 45] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about August 30, 1996, which, insofar as appealed from, granted defendant City's motion for summary judgment dismissing plaintiff's cause of action under General Municipal Law § 205-e, affirmed, without costs.

The IAS Court correctly held that, as a matter of law, the driver of the patrol car in which plaintiff was seated did not

act with "reckless disregard for the safety of others", ignoring known serious risks of harm (Vehicle and Traffic Law § 1104 [e]; *see also, Saarinen v Kerr*, 84 NY2d 494, 501; *Campbell v City of Elmira*, 84 NY2d 505, 510-511) while pursuing a stolen moped, there being no dispute that he was unaware that he was turning in the wrong direction onto a one-way street, and that he was not driving at an excessive rate of speed. This standard, governing drivers of emergency vehicles involved in emergency operations, demands that a claimant show that " 'the actor has *intentionally* done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' *and* has done so *with conscious indifference to the outcome*" (*Saarinen v Kerr, supra,* at 501 [emphasis added; citations omitted]). The dissent's suggestion that the driver here clearly could have been seen to have violated this standard gives insufficient regard to the very essence of the doctrine and the circumstances it is intended to address. Indeed, "[t]he 'reckless disregard' test, which requires a showing of more than a momentary judgment lapse, is * * * suited to the legislative goal of encouraging emergency personnel to act swiftly and resolutely while * * * protecting the public's safety to the extent practicable" (*Saarinen v Kerr, supra,* at 502).

The Patrol Guide sections cited by plaintiff are not "part of a 'well-developed bod[y] of law and regulation' with positive commands that mandate the performance or nonperformance of specific acts" (*Desmond v City of New York*, 88 NY2d 455, 464), and thus cannot serve as a basis for a cause of action under General Municipal Law § 205-e. Nor can the 1996 amendment to section 205-e adding subdivision (3) avail plaintiff, since these patrol guidelines cannot reasonably be characterized as codifying a common-law duty (*compare, e.g., Farrington v City of New York*, 240 AD2d 697). Concur—Sullivan, J. P., Milonas, Williams and Andrias, JJ.

Rubin, J., dissents in part in a memorandum as follows: A violation of Vehicle and Traffic Law § 1104 is a statutory predicate for a cause of action by a fellow police officer under General Municipal Law § 205-e, as this Court recently recognized in *Gonzalez v Iocovello* (249 AD2d 143). To be entitled to summary judgment dismissing the complaint, a municipal defendant is required to demonstrate that the conduct of its employee is not reckless as a matter of law (*Saarinen v Kerr*, 84 NY2d 494, 503). Therefore, the defendant must establish that there is no reasonable view of the evidence by which a trier of fact could conclude that the operator of an emergency vehicle

acted with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr, supra*, at 501). I cannot agree with the majority that a police officer who failed to ascertain that he was proceeding in the wrong direction on a one-way street and who failed to determine if there was any oncoming traffic before turning onto the street and colliding head-on with a lawfully operated vehicle could not be found to have acted "indifferently and in disregard of any modicum of statutorily required attentiveness" (*Campbell v City of Elmira*, 84 NY2d 505, 511).

On July 5, 1982, Officer James Burns was operating a radio patrol car while assigned to the 47th Precinct in Bronx County. He testified that his partner, plaintiff JoAnn Gervasi, acted as the "recorder" and was seated in the front passenger seat. While parked at the curb, the officers were informed by an unknown person that a passing moped had been stolen. Officer Burns gave chase and followed the moped with the headlights and turret lights activated. The siren, however, was being operated manually; as the officer stated at his examination before trial, "I believe my partner was tapping the siren intermittently." However, plaintiff Gervasi testified that, just prior to the collision, she was writing down a license plate number. The vehicles turned onto Bronxwood Avenue proceeding northbound to 232nd Street, a one-way street westbound. The moped turned right, followed by the patrol car. The operator of the moped then struck a car parked on the south side of 232nd Street near the intersection. The patrol car meanwhile collided head-on with an automobile operated by Sherman Peay as he approached the intersection with Bronxwood Avenue. There is no suggestion in the record that these two accidents are in any way related or that the vehicle driven by Sherman Peay was being operated in a negligent manner.

Supreme Court ruled, "The car chase was an exceptional situation or extreme emergency during which Officer Burns drove in a reasonable manner * * * Neither Burns' rate of speed nor his driving in the opposite direction of the flow of traffic on a one-way street was unreasonable under the circumstances." Additionally, the court found that "there have been no violations of any of the provisions of the [Vehicle and Traffic Law]." Therefore, the court dismissed plaintiff's claim for damages pursuant to General Municipal Law § 205-e, finding that defendant City of New York is entitled to judgment as a matter of law.

As the Vehicle and Traffic Law forbids proceeding against traffic on a roadway designated for travel in one direction only

(Vehicle and Traffic Law § 1127 [a]), it is clear that Officer Burns operated his patrol car in violation of this provision. While section 1104 (b) (4) permits the operator of an emergency vehicle, *inter alia*, to "[d]isregard regulations governing directions of movement", it does not relieve the driver "from the consequences of his reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]).

This case presents a number of factual issues precluding summary judgment. As in *Campbell v City of Elmira* (*supra*, at 508), there is the crucial question of whether Officer Burns ever looked "toward the lane and direction" in which the Peay vehicle was traveling before crashing into it head-on (*compare, Szczerbiak v Pilat*, 90 NY2d 553, 557 [" 'momentary judgment lapse' does not alone rise to the level of recklessness"]). There is also the closely related question of whether the officer should have ascertained that the street into which he turned was designated for one-way travel. In this regard, the record is devoid of evidence concerning the presence and placement of signs indicating the direction of vehicular movement on 232nd Street.

I am also unable to agree with Supreme Court's assessment that the circumstances justify the measures taken in pursuit of the operator of the stolen moped, thereby warranting dismissal as a matter of law. Unlike *Saarinen v Kerr* (*supra*), in which the Court of Appeals found that emergency measures were justified to apprehend the operator of a van being driving erratically at a high rate of speed, there is no evidence in this case that the moped was being driven recklessly, at least until the suspect turned onto a one-way street, going in the wrong direction. Nor does the theft of a moped constitute inherently dangerous criminal activity that requires an immediate police response (*compare, Szczerbiak v Pilat, supra* [report of melee involving five males]). Finally, unlike *Saarinen* (*supra*), the injury in this matter clearly resulted from the negligence of the police officer and was not caused by the suspect the officer was pursuing.

Accordingly, the judgment of Supreme Court should be modified to the extent of reinstating so much of the complaint as seeks damages pursuant to General Municipal Law § 205-e and, except as so modified, affirmed.