Golia, J.
(dissenting). I dissent from that portion of the majority’s opinion that affirms the finding of liability as against the defendants.
In the instant case a police officer was transporting a prisoner in the back of a patrol car who was apparently going through drug withdrawal symptoms. He was acting irrationally, kicking, *49 screaming and insisting that he had to “throw up.” The officer became distracted by this prisoner, and collided with the rear of plaintiff-respondent’s car.
At the conclusion of the trial, the jury found in favor of the plaintiff on the issue of liability and thereafter found damages in the total amount of $979,000 ($300,000 for past pain and suffering and $679,000 for future pain and suffering).
As indicated by the majority, the relevant inquiry on appeal is whether “there is simply no valid line of reasoning and permissible inference which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial ...” (Campbell v City of Elmira, 84 NY2d 505, 509 [1994] [internal quotation marks and citations omitted]).
A careful review of the evidence in the light most favorable to the plaintiff and the application of the law relating to this case establishes that there can be no valid line of reasoning or any permissible inference that would allow this jury to rationally reach the conclusion that they did. Therefore, as a matter of law, this verdict must be reversed and the complaint dismissed.
At the outset, I note that my colleagues on the majority and I are in agreement that the trial court was correct in charging the jury on the law concerning the duty owed by the driver of an emergency vehicle while engaged in an emergency operation. Pursuant to sections 114-b and 1104 of the Vehicle and Traffic Law, the subject vehicle was clearly an emergency vehicle being involved in an emergency operation. An “emergency operation” as defined by section 114-b of the Vehicle and Traffic Law is any authorized emergency vehicle that “is engaged in transporting a sick or injured person.” Certainly, a police car that was transporting a prisoner in the throws of a drug withdrawal would constitute an emergency vehicle engaged in an emergency operation. Section 1104 of the Vehicle and Traffic Law provides that the rules and regulations governing speed and movement do not apply, except that a driver shall not be protected from the “consequences of his reckless disregard for the safety of others.”
The question now facing this court is whether any valid line of reasoning or permissible inference would allow a jury to rationally conclude that the defendant police officer acted with reckless disregard for the safety of others in causing this accident. I say “No.” I do not believe that I am alone in this analysis. Let us look at how the Court of Appeals considered this issue.
*50 In Saarinen v Kerr (84 NY2d 494 [1994]) the Court of Appeals reversed the Appellate Division and granted the motion on behalf of the police officer for summary judgment dismissing the complaint. In that case, a police officer was in pursuit of a suspected lawbreaker (drunk driver) when that driver collided with the plaintiffs car.
The Court of Appeals, in a well-reasoned opinion by Judge Titone, examined the decisions of the various judicial departments and noted that
“the courts of this State have had some difficulty articulating the precise test for determining a driver’s liability for injuries resulting from the operation of an emergency vehicle . . . Faced squarely with this question of statutory interpretation ... we hold that a police officer’s conduct . . . may not form the basis of civil liability . . . unless the officer acted in reckless disregard for the safety of others” (id. at 500-501).
Judge Titone went on to opine that
“This standard demands more than a showing of a lack of ‘due care under the circumstances’ ... It requires evidence that ‘the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow’ and has done so with conscious indifference to the outcome” (id. at 501; see also 1A NY PJI3d 418 [2004 Supp]).
Therefore, in order for a “rational” jury to find liability as against the defendants herein, that jury had to find that the police officer, momentarily distracted by a kicking, screaming prisoner that was going through drug withdrawal, had intentionally acted unreasonably and in disregard of a known or obvious risk. In addition, they must also find that such action was so great as to make it highly probable that harm would follow and that the officer acted with a conscious indifference to that outcome. To make such a finding in relation to a police officer who becomes momentarily distracted by a prisoner who is kicking, screaming and threatening to throw up is patently absurd.
It is interesting to note that the Court of Appeals addressed this issue again in a very similar case some three years after Saarinen (supra), and held in Szczerbiak v Pilat (90 NY2d 553, 556 [1997]) that “more than ‘a momentary judgment lapse’, *51 such as the officers momentarily looking down, is required to satisfy the ‘reckless disregard test’ . . .
In the case before us, I can find no rational view of the evidence submitted that would ascribe anything more than lack of due care (ordinary negligence) to the actions of the police officer, and accordingly, I would vote to set aside the verdict of liability and dismiss the complaint.
In addition, it is clear to me that the damages awarded by the jury are clearly excessive and only underscores their refusal or inability to understand the judge’s charge on the law and/or to apply it to the facts.
Aronin, J.E, and Rios, J., concur; Golia, J., dissents in a separate memorandum.