■ THOMAS CUSANELLI et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [799 NYS2d 36]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered April 23, 2003, after restructuring of a jury verdict, awarding plaintiff Thomas Cusanelli $1,375,799.06 for lost earnings and pain and suffering, and plaintiff Carmela Cusanelli $150,000 for loss of services, unanimously affirmed, without costs.

We have previously determined that in a civil action for damages stemming from injuries sustained by an innocent bystander after police officers allegedly used excessive force, a plaintiff must prove the elements of negligence, rather than bearing the burden of disproving justification under Penal Law § 35.30 (1) (c) (see Lubecki v City of New York, 304 AD2d 224, 232-233 [2003], lv denied 2 NY3d 701 [2004]; see also McCummings v New York City Tr. Auth., 81 NY2d 923 [1993], cert denied 510 US 991 [1993]). Williams v City of New York (2 NY3d 352, 367 [2004]), which was predicated on a violation of General Municipal Law § 205-e, does not require a different conclusion, and the professional judgment rule is likewise inapplicable (Lubecki, 304 AD2d at 233-234).

Viewed in the light most favorable to plaintiffs (see Campbell v City of Elmira, 84 NY2d 505, 509 [1994]), we find the evidence in the record reflects that after having been shot several times, the decedent, who had been acting erratically possibly

due to emotional disturbance, "went down" and "might have been trying to get up again," as Thomas Cusanelli testified, or was actually "start[ing] to get up again," as a coworker testified, when the officers fired the shot that struck Cusanelli. In view of plaintiffs' expert's testimony that officers should only shoot when they are at risk of imminent serious physical injury, and that the officers here "could have just retreated, taken a little cover and just see[n] what [the decedent] did next," there was a valid line of reasoning and permissible inferences that could lead rational jurors to the conclusion that the officers used excessive force when they shot at the decedent and accidentally struck Cusanelli.

Contrary to defendant's assertion, there was evidence that the officers were aware a bystander was on the street at this wee hour of the morning. A man on the street had flagged the officers down to point out the decedent. The testimony of the depot employees who dove for cover when they heard the shots supports the likelihood of such awareness. Plaintiffs thus proved the foreseeability of the officers shooting an innocent bystander (*see Ohdan v City of New York*, 268 AD2d 86, 88 [2000], *appeal dismissed* 95 NY2d 885 [2000], *lv denied* 95 NY2d 769 [2000]). The precise nature of the injury need not be foreseeable (PJI3d 2:12 [2005]; *see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). The jury was thus able to reach the verdict on a fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]).

Cusanelli had been standing on an apron, several feet wide, between the inside of the garage and the sidewalk, when he heard the shots ring out. There is no indication that he knew, as he peered outside, who was firing, and no basis to disturb the jury's finding of a lack of comparative negligence.

There is no basis on which to disturb the pain and suffering award. We have considered and rejected defendant's remaining contentions. Concur—Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.