| |
|---|
| **Bhatti v City of New York** |
| 2024 NY Slip Op 33455(U) |
| October 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 450052/2021 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. HASA A. KINGO**                    PART                    05M
                                    *Justice*

-----------------------------------------------------------------------------X

AMMAR A BHATTI,

                              Plaintiff,

                    - v -

THE CITY OF NEW YORK, PO MICHAEL F PALERMO

                       Defendant.

-----------------------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 450052/2021 |
| MOTION DATE | 06/11/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90

were read on this motion for                    SUMMARY JUDGMENT                    .

       With the instant motion, Defendants, the City of New York and Police Officer Michael F. Palermo ("P.O. Palermo") (collectively, "the City"), have moved for summary judgment, seeking dismissal of Plaintiff Ammar A. Bhatti's ("Plaintiff") complaint. Plaintiff opposes the motion. Upon careful consideration of the motion, opposition, and applicable law, the City's motion is denied.

## BACKGROUND

       This action arises from a motor vehicle accident that occurred at or near the intersection of 9th Avenue and West 37th Street in New York County. Plaintiff alleges that on the date of the incident, while he was driving on 9th Avenue and attempting to make a right-hand turn from the far-right lane onto West 37th Street, his vehicle was struck by a marked police car driven by P.O. Palermo. As a result of this collision, Plaintiff claims to have sustained personal injuries. Plaintiff commenced this action by filing a summons and complaint on May 22, 2019, and the City joined issue by serving its answer on October 23, 2019.

## ARGUMENTS

       In support of the instant motion, the City argues that it is entitled to summary judgment as a matter of law. The City contends that the police vehicle driven by P.O. Palermo was an emergency vehicle engaged in an emergency operation at the time of the collision, thus invoking the protections of the Vehicle and Traffic Law ("VTL"). Specifically, the City asserts that P.O. Palermo's conduct, although it involved a violation of VTL § 1160(a) (which governs right turns), does not rise to the level of recklessness required to impose liability under VTL § 1104. The City supports its position based on an analysis of the testimony of Plaintiff, P.O. Palermo, non-party

450052/2021   BHATTI, AMMAR A vs. CITY OF NEW YORK
Motion No.  002

Page 1 of 5

[* 1]

P.O. Michael Fahrbach ("P.O. Fahrbach"), and non-party P.O. Renee Peeples ("P.O. Peeples"), as well as the memo books of P.O.s Palermo and Fahrbach, the Police Accident Report (MV-104), the Collision Report, and photographs of the accident location from Google Maps.

In opposition, Plaintiff argues that the City has not met its burden of demonstrating that P.O. Palermo was engaged in a privileged act under the VTL, nor that he was not reckless as a matter of law. Plaintiff contends that there are significant issues of fact regarding whether the police vehicle was indeed involved in an emergency operation and whether P.O. Palermo's conduct was reckless, thus precluding summary judgment.

## DISCUSSION

A motion for summary judgment is a drastic remedy that should be granted only when there are no triable issues of fact (*see Stillman v. Twentieth Century Fox Film Corp.*, 3 NY2d 395 [1957]). The burden rests with the movant to establish a prima facie case demonstrating entitlement to judgment as a matter of law (see *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]). If the movant meets this burden, it then shifts to the non-moving party to produce evidence sufficient to establish the existence of material issues of fact requiring a trial (*see Amatulli v. Delhi Constr. Corp.*, 77 NY2d 525 [1999]).

In cases involving emergency vehicles, VTL § 1104 provides certain protections to operators engaged in emergency operations, limiting liability to instances where the operator acts with "reckless disregard for the safety of others" (*see Saarinen v. Kerr*, 84 NY2d 494 [1994]). However, these protections are not absolute. The reckless disregard standard, while shielding emergency personnel from liability for mere negligence, does not excuse actions that demonstrate an unreasonable disregard for a known risk.

Here, the City has failed to establish a prima facie showing that the police vehicle was involved in an emergency operation as a matter of law. Although the City submits that P.O. Palermo was on-duty and responding to a "1054, EDP"[1] police call when the accident occurred, P.O. Palermo could not independently recall any details about the police call, or whether the light and sirens were on at the time of the accident. Other officers similarly had a diminished recollection of the events. And while P.O. Fahrbach recalled personally putting on lights and sirens in response to the call, his account is disputed. Notably, Noraze Mukaram, a passenger in Plaintiff's car at the time of the accident, states that the police vehicle had no lights or sirens on until *after* the impact. Additionally, Plaintiff testified that he did not hear a siren at the time that the accident occurred. While the City argued at oral argument that the presence or absence of lights and sirens is immaterial because officers are not statutorily required to activate such signals while responding to an emergency, the record evidence reveals inconsistencies that cast doubt on whether the officers were, in fact, responding to an emergency at the time of the collision. Specifically, the conflicting accounts concerning the use of lights and sirens bear directly on the credibility of the officers' testimony, which must be evaluated by a jury rather than resolved as a matter of law.

---

[1] A "1054" is someone in need of an ambulance that comes in via a radio call, and an "EDP" is an emotionally disturbed person.

**450052/2021  BHATTI, AMMAR A vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 2 of 5**

Moreover, there are unresolved factual disputes regarding the precise timing of the officers' response, which further undermines the City's assertion that the officers were indisputably engaged in an emergency operation. Although a dispatcher testified that officers are required to indicate when they are responding to an emergency, P.O. Palermo's deposition testimony contains no acknowledgment that he was responding to such an emergency, and the police documentation generated in connection with the incident lacks any objective or contemporaneous reference to the officers acknowledging the need to submit to an emergency response.

These evidentiary gaps and inconsistencies cannot be reconciled at this stage, and must be assessed by the factfinder. Additionally, a question of fact exists as to whether P.O. Palermo's turn at the time of the collision constituted a violation of the VTL. Visual evidence submitted on this motion depicts signage suggesting that a right turn may have been lawful under the circumstances, thereby creating a triable issue as to whether the officer's maneuver was prohibited or permissible.

In sum, these discrepancies raise significant questions of fact regarding the nature and legitimacy of the officers' claimed emergency operation, and accordingly, the City's invocation of an emergency operation cannot be sustained as a matter of law at this juncture.

Even assuming that P.O. Palermo was engaged in an emergency operation, a triable issue of fact remains as to whether his conduct in making a right-hand turn from the second-to-right lane of 9th Avenue constituted reckless disregard for the safety of others. The City contends that P.O. Palermo was engaged in privileged conduct by turning right from a 'straight only' lane. However, the City presents no evidence indicating which lane or lanes the police vehicle occupied, nor does it provide evidence that vehicles were prohibited from turning right from the second lane. On the contrary, the evidence suggests that vehicles in that lane were required to turn right. Indeed, as previously alluded to, images of the intersection in question show a sign hanging over the intersection directing the two right lanes to turn right. The City's affirmation from a Department of Transportation employee, stating that there were no 'directional marking arrows' in the two right lanes, overlooks the fact that a sign, rather than arrows, required vehicles in those lanes to turn right. Collectively, the testimony and evidence presented by the City, including P.O. Palermo's own lack of recollection of the accident, do not conclusively demonstrate that his actions were free of recklessness. The City cites to no testimony from P.O. Palermo himself indicating that he conducted safety checks before colliding with Plaintiff's vehicle, or that his actions were conclusively so devoid of recklessness so as to lead to a finding as a matter of law. The City may contend that P.O. Palermo was not required to do so, however, even operators engaged in emergency operations may be subjected to liability to instances where the operator acts with "reckless disregard for the safety of others."

Here, the City has not met its burden in demonstrating that P.O. Palermo was not reckless in the operation of his vehicle during the incident on September 17, 2018. The cases cited by the City, such as *Saarinen v. Kerr*, 84 NY2d 494 (1994) and *Szczerbiak v. Pilat*, 90 NY2d 553 (1997), while relevant to the general standard of recklessness under VTL § 1104, are distinguishable and do not address the unique facts of this case. These precedents involve situations with different factual contexts, and their outcomes do not control the determination of whether P.O. Palermo's conduct on the evening in question was reckless. Indeed, the City has failed to cite any authority

that supports the proposition that an officer's conduct cannot be deemed reckless as a matter of law under circumstances analogous to those present in this case. Absent any such precedent, the court finds no basis to conclude that P.O. Palermo's actions are insulated from scrutiny simply by virtue of his official capacity. To the contrary, established case law affirms that even when engaged in the performance of their duties, officers are not exempt from the standard of care that governs reckless conduct. Therefore, the City's argument is unavailing, as it lacks the requisite legal foundation to foreclose a finding of recklessness in the instant context.

In the view of this court, the issue of recklessness is not one that can be resolved as a matter of law at this stage. The concept of recklessness requires a thorough examination of all the surrounding circumstances, which should be presented and weighed by a jury. P.O. Palermo was responding to a call regarding an emotionally disturbed person, which may ultimately indeed constitute an emergency. Notwithstanding, the mere existence of an emergency does not automatically insulate an officer from liability; the officer's conduct must still be evaluated to determine whether it constituted reckless disregard for the safety of others.

In this case, the facts present a complex situation that diverges from the scenarios in the cited cases. P.O. Palermo was operating his vehicle in the process of making a right turn from the second-to-right lane on 9th Avenue onto West 37th Street when the impact with Plaintiff's vehicle occurred. Plaintiff's vehicle was proceeding lawfully and was in the right-turning lane at a green light when the accident took place. Plaintiff saw the vehicle shortly before impact, indicating the possibility of a sudden, unexpected, and possibly dangerous maneuver by P.O. Palermo. This account, coupled with the fact that P.O. Palermo himself does not recall the particulars of the accident, raises significant questions about whether his actions were reckless.

Moreover, the differing testimonies, including those from P.O. Fahrbach and P.O. Peeples, highlight the discrepancies in the accounts of the events leading up to the collision. Such divergent accounts further underscore that recklessness cannot be determined as a matter of law by this court, but rather must be assessed by a jury, which can consider the credibility of the witnesses, the specific actions of P.O. Palermo, and the context in which the accident occurred.

The City's reliance on cases like *Gervasi v. Peay,* 254 AD2d 172 (1st Dept 1998) and *Salzano v. Korba* 296 AD2d 393 (2d Dept 2002), is misplaced. Although those cases arguably involved more extreme behaviors by emergency operators, and the courts found no recklessness, the facts at issue there do not align with the facts at issue here. Here, the circumstances are different, and the actions of P.O. Palermo, while perhaps not as egregious, still present a genuine issue of fact as to whether they were reckless under the totality of the circumstances.

In sum, the determination of whether P.O. Palermo's conduct met the high threshold of recklessness is a question that properly belongs to a jury. The existence of divergent factual narratives, particularly concerning the circumstances of the accident, further underscores the impropriety of granting summary judgment in this matter.

For the foregoing reasons, it is hereby

ORDERED that the City's motion for summary judgment is denied in its entirety; and it is further

ORDERED that the parties are directed to appear for a settlement conference before this court on Monday October 28, 2024, at 10:00 AM.[2]

This constitutes the decision and order of the court.

| | |
|---|---|
| **10/1/2024** | **HASA A. KINGO, J.S.C.** |
| **DATE** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

---

[2] By previous agreement, the parties will have the option of appearing virtually for this settlement conference. If electing to do so, the parties shall confirm virtual attendance no less than forty-eight (48) hours before the scheduled appearance, and also confirm that they have the necessary link and a stable internet connection.

**450052/2021   BHATTI, AMMAR A vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 5 of 5**

5 of 5

[* 5]