■ BEATRICE A. PEREZ, as Administratrix of the Estate of ADAM HUNTER PEREZ, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [915 NYS2d 77]—

Order, Supreme Court, New York County (Cynthia Kern, J.), entered February 2, 2010, which granted defendants' motion for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

Defendants established their prima facie entitlement to judgment as a matter of law in this action where plaintiff's decedent was struck and killed by a police patrol car driven by defendant Officer Duran as he was responding to a radio call of an officer in need of assistance. "[A] police officer's conduct in pursuing a suspected lawbreaker may not form the basis of civil liability to an injured bystander unless the officer acted in reckless disregard for the safety of others" (*Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *see* Vehicle and Traffic Law § 1104).

Defendants established that Duran did not act with reckless disregard for the safety of others by submitting, inter alia, the testimony of both Duran and his partner, who provided consistent accounts that the officers were on patrol when they received a radio call from an officer in need of assistance. Duran immediately activated the patrol car's emergency lights and siren, and proceeded to the location by traveling north in the northbound lane on Eighth Avenue. After passing through an intersection, where they had a green light in their favor, the patrol car struck the decedent. Duran's failure to see the decedent prior to impact is not the type of conduct that has been found to be reckless (*see Szczerbiak v Pilat*, 90 NY2d 553

[1997]; *Turini v County of Suffolk*, 8 AD3d 260 [2004], *lv denied* 3 NY3d 611 [2004]; *cf. Baines v City of New York*, 269 AD2d 309 [2000], *lv denied* 95 NY2d 757 [2000]).

In opposition, plaintiff failed to raise a triable issue of fact. The discrepancies cited by plaintiff surrounding the happening of the accident, i.e., that Duran was going 60 miles per hour instead of 40 miles per hour and that he was traveling north in a southbound lane, would not constitute evidence of recklessness on the part of officers responding to an emergency as set forth in Vehicle and Traffic Law § 1104 (*see Turini* at 262). Furthermore, the affidavit of plaintiff's accident investigation specialist lacked probative value since it consists of speculative assertions unsupported by adequate foundational facts and accepted industry standards, and fails to identify any reckless conduct on the part of Duran (*see Salzano v Korba*, 296 AD2d 393 [2002]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Freedman and Abdus-Salaam, JJ.