KENT FREZZELL, Appellant, v CITY OF NEW YORK et al., Respondents. [963 NYS2d 637]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered April 14, 2011, which granted defendants' motion for summary judgment dismissing the complaint, affirmed, without costs.

Defendants established their entitlement to judgment as a matter of law in this action for personal injuries arising from a collision between two marked police cars being operated during an undisputed emergency operation. Defendants' proof established that defendant Steve Tompos, a police officer, did not act in "reckless disregard for the safety of others" while operating his vehicle in the wrong direction on a one-way street (*see* Vehicle and Traffic Law § 1104 [e]). Tompos testified that his vehicle's emergency lights and siren had been activated prior to the accident, and the evidence showed that he reduced his speed before turning onto the subject street and that he veered to his right in an attempt to avoid impact (*see Gervasi v Peay*, 254 AD2d 172 [1st Dept 1998]; *compare Rockhead v Troche*, 17 AD3d 118 [1st Dept 2005]). We note in particular that Tompos's partner testified that Tompos reduced the vehicle's speed to 10 miles per hour as he turned into the street where the accident occurred. Plaintiff's testimony that Tompos was driving at a "high" rate of speed, which plaintiff was admittedly unable to estimate, is conclusory and speculative (*see Gallagher v McCurty*, 85 AD3d 1109 [2d Dept 2011]; *cf. Barraco v De Pew*, 33 AD2d 816 [3d Dept 1969]). We therefore disagree with the dissent's view that issues of fact preclude summary judgment.

In opposition, plaintiff police officer failed to raise a triable issue of fact. There was no evidence that Tompos's view of traffic was obstructed and evidence that his siren was not on constantly did not rise to the level of conduct required to meet the "reckless disregard" standard (see Saarinen v Kerr, 84 NY2d 494, 501 [1994]). Concur—Tom, J.P., Sweeny and Degrasse, JJ.

Freedman and Manzanet-Daniels, JJ., dissent in a memorandum by Manzanet-Daniels, J., as follows: On the night of September 20, 2006, plaintiff and his partner were on patrol in a marked police car in the area of the Douglas Houses, on 104th Street between Columbus and Amsterdam Avenues. Over the radio, plaintiff heard a transmission from another officer that he was in pursuit of an individual with a gun in their vicinity. Plaintiff and his partner activated the emergency lights and siren on the vehicle and responded to the call, traveling eastbound on 104th Street, a one-way street. As they proceeded down the street, plaintiff saw another police vehicle going the wrong way on Columbus Avenue. The vehicle then made a left turn onto 104th Street, heading the wrong way. Plaintiff could not recall whether the vehicle had its emergency lights or siren on as it turned onto 104th Street. Plaintiff testified that the vehicle came toward his vehicle "at a high rate of speed." Attempting to avoid the other vehicle, plaintiff pulled over to the right as far as possible and came to a complete stop. Nonetheless, the other vehicle failed to stop, hitting plaintiff's car in the middle of the driver's side. Plaintiff described the impact as "[e]xtremely intense, very, very hard." Plaintiff could not recall whether the lights and sirens on the other vehicle were activated at the time of impact.

Defendant Tompos, the driver of the other vehicle, was assigned to the Central Park precinct, which covered the entire park from 59th to 110th Streets and from Fifth Avenue to Central Park West. When Tompos heard a 10-13 or 10-85 call on the radio of an officer in foot pursuit of a man with a gun, he and his partner, Richard Brunjes, decided to respond. Tompos did not know "exactly how [Brunjes] was working the siren," and was unsure whether operation of the siren was manual or automatic. He was certain, however, that "the sirens were on."[1] Tompos admitted that he and his partner had never been directed by any superior to respond to the call and admitted that they did so without advising command of their intentions or their position, notwithstanding the fact that multiple units were responding to the call.

---

1. Brunjes could not specifically recall whether the lights and siren were on.

Tompos, going the wrong way up Columbus Avenue, admitted that he could not see the face of the traffic signal as he approached the corner of 104th Street and Columbus. Nevertheless, he chose to make a left turn into 104th, a one-way street. He traveled approximately three or four car lengths before seeing plaintiff's vehicle. He testified that the lights and sirens on the vehicle were still on, and estimated that he was traveling at approximately 20 miles per hour.[2] He estimated that plaintiff's vehicle was moving at approximately the same speed. He remembered seeing the roof lights on plaintiff's vehicle. Tompos testified that he tried to avoid impact by turning his car to the right.

The official police accident report stated that the accident occurred when Tompos, responding to the radio run of a man with a gun, turned onto 104th Street and an "ESU truck was parked on the corner. Went around and struck another RMP." At his deposition, however, Tompos did not recall the presence of an ESU truck at the scene or reporting same to his supervisor. Brunjes similarly could not recall whether they had to negotiate around an ESU vehicle immediately preceding the accident.

The court granted defendants' motion for summary judgment, ruling that Tompos's actions, as a matter of law, did not rise to the level of reckless disregard necessary to impose liability on a police officer under the circumstances. The majority now affirms.

The reckless disregard standard requires proof that an officer intentionally committed "an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (see *Saarinen v Kerr*, 84 NY2d 494, 501 [1994]). In my view, issues of fact preclude entry of summary judgment in defendants' favor. On this record, there is an issue as to whether an ESU vehicle blocked Tompos's view of the intersecting street (see *Burrell v City of New York*, 49 AD3d 482 [2d Dept 2008]). Although the police report indicates that an ESU vehicle obstructed Tompos's view of the intersection, and thus of plaintiff's vehicle, Tompos could not recall seeing any such ESU vehicle. Similarly, there is a question as to whether or not the lights and siren on the Tompos vehicle had been activated. Tompos himself admitted that he entered the intersection without ever seeing the face of the traffic signal. In *Badalamenti v City of New York* (30 AD3d

---

**2.** Brunjes similarly estimated that their vehicle was traveling at approximately 10 to 20 miles per hour prior to impact. He testified that Tompos slowed down as he made the turn onto 104th Street.

452 [2d Dept 2006]), the court held that questions of fact precluded summary judgment on the issue of reckless disregard where the record indicated that the officer did not stop at the stop sign controlling the intersection, that his view of the intersection was partially blocked by a parked truck, and a question existed as to whether the vehicle's turret lights and siren had been activated prior to entering the intersection (*id.; see also Elnakib v County of Suffolk*, 90 AD3d 596 [2d Dept 2011] [evidence legally sufficient that defendant police officer acted with reckless disregard where he drove through a stop sign at a view-obstructed intersection at a high rate of speed]; *Tutrani v County of Suffolk*, 64 AD3d 53 [2d Dept 2009] [evidence legally sufficient where officer abruptly came to a stop, without warning, mere seconds before collision]).

A jury could certainly find that entry into a one-way street in disregard of the traffic signal, in the absence of lights and siren and in the presence of an obstructing truck, when other units were already in pursuit of the suspect and defendant had undertaken on his own initiative to pursue the chase, constituted reckless disregard. I would accordingly reverse, and deny defendants' motion for summary judgment.