Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered November 28, 2012, which granted defendant City of New York’s motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.
Plaintiff police officer was injured in a collision at an intersection between a radio motor patrol vehicle in which he was a passenger, and a taxicab owned by defendant Inta Cab Corp. and driven by defendant Azad. The accident occurred when plaintiffs partner, Officer Santiago, driving east in response to a radio call of a crime in progress, proceeded through a red traffic light and was hit by Azad’s cab, which was traveling northbound.
Dismissal of the action as against the City was proper since there are no triable issues as to whether Santiago acted recklessly in crossing the intersection, as required to impose liability under Vehicle and Traffic Law § 1104, the statutory predicate for plaintiffs claim under General Municipal Law § 205-e (see Gonzalez v Iocovello, 93 NY2d 539, 551 [1999]). The record shows that Santiago activated her lights and sirens immediately upon entering the vehicle, thereby alerting those around her to her presence and emergent right of way (see Frezzell v City of *489 New York, 105 AD3d 620 [1st Dept 2013]; Spencer v Astralease Associated, Inc., 89 AD3d 530 [1st Dept 2011]). Santiago also reduced her speed as she approached the intersection and although she thereafter accelerated, Santiago looked in the direction of oncoming traffic, but saw no cars approaching (cf. Campbell v City of Elmira, 84 NY2d 505, 508 [1994]). The fact that Santiago did not see Azad’s taxi until just before the accident does not render her conduct reckless (see Perez v City of New York, 80 AD3d 543 [1st Dept 2011]).
Furthermore, even after accelerating into the intersection, there is no evidence that Santiago was travelling faster than 35 miles per hour, a mere five miles per hour above the applicable speed limit. Considering that she was responding to a report of a crime in progress, Santiago’s relatively modest speed under the circumstances does not rise to the level of reckless conduct (see Saarinen v Kerr, 84 NY2d 494, 503 [1994]; Perez, 80 AD3d at 543-544). Concur — Tom, J.P., Sweeny, Saxe, Freedman and Clark, JJ.