■ JOSEPH M. TORRES, JR., Appellant, v SAINT VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK et al., Respondents. [985 NYS2d 606]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), entered October 26, 2011, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

This action arose from a collision between an ambulance and a car driven by the plaintiff. The plaintiff was driving his car through an intersection with a green light in his favor, when his car was struck by an ambulance owned by the defendant Saint Vincent's Catholic Medical Centers of New York and operated by the defendant Holli R. Stewart. The defendants allege that Stewart was responding to an emergency. The ambulance had its emergency lights turned on and its siren sounding. The defendants moved for summary judgment dismissing the complaint on the basis that, among other things, pursuant to Vehicle and Traffic Law § 1104, they are immune from liability in this action because Stewart was not recklessly operating the ambulance. The Supreme Court granted the motion.

"Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of authorized emergency vehicles from certain traffic laws when they are involved in an emergency operation" (*Miller v Suffolk*

*County Police Dept.*, 105 AD3d 918, 918 [2013]; *see Kabir v County of Monroe*, 16 NY3d 217 [2011]).

The defendants established, prima facie, their entitlement to judgment as a matter of law by demonstrating that Stewart was engaged in an emergency operation at the time of the subject collision, and that Stewart's conduct did not rise to the level of reckless disregard for the safety of others. In opposition, however, the plaintiff raised triable issues of fact precluding summary judgment.

Vehicle and Traffic Law § 114-b defines emergency operation as: "[t]he operation . . . of an authorized emergency vehicle, when such vehicle is engaged in transporting a sick or injured person, transporting prisoners, delivering blood or blood products in a situation involving an imminent health risk, pursuing an actual or suspected violator of the law, or responding to, or working or assisting at the scene of an accident, disaster, police call, alarm of fire, actual or potential release of hazardous materials or other emergency." In the instant case, the plaintiff presented evidence that the radio call to which Stewart was responding was for the police to assist, and that Stewart sought to offer assistance in the form of "crowd control . . . until the police got there." Under the circumstances presented here, we agree with the plaintiff that triable issue of fact is presented as to whether Stewart was operating the ambulance as part of an emergency operation as contemplated by the statute (*see* Vehicle and Traffic Law § 114-b; *Jordan v County of Suffolk*, 70 AD3d 779 [2010]; *cf. Criscione v City of New York*, 97 NY2d 152, 157-158 [2001]).

We also find that the record presents factual issues as to whether Stewart's conduct constituted reckless disregard. The "reckless disregard" standard requires proof that Stewart intentionally committed "an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (*Saarinen v Kerr*, 84 NY2d 494, 501 [1994] [internal quotation marks omitted]). In the instant matter, the plaintiff submitted an affidavit from a nonparty witness that raised triable issues of fact as to whether the ambulance slowed down prior to entering the intersection at which the collision occurred. Although Stewart claimed that she was traveling five miles per hour through the subject intersection, the witness averred in his affidavit that Stewart was driving at a high rate of speed, without ever slowing down, on the wrong side of the road through a steady red signal. "Resolving questions of credibility, determining the accuracy of witnesses, and reconciling the testimony of witnesses

are for the trier of fact" (*Kahan v Spira* 88 AD3d 964, 966 [2011]; *see Bravo v Vargas*, 113 AD3d 579 [2014]; *Barrett v New York City Tr. Auth.*, 80 AD3d 550, 551 [2011]). Thus, triable issues of fact have been raised (*see Campbell v City of Elmira*, 84 NY2d 505 [1994]; *Miller v Suffolk County Police Dept.*, 105 AD3d 918 [2013]; *Krulik v County of Suffolk*, 62 AD3d 669 [2009]; *see also Corallo v Martino*, 58 AD3d 792 [2009]).

Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment. Dillon, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.