■ Deja L. Flynn, Appellant, v Sambuca Taxi, LLC, et al., Appellants, and City of New York et al., Respondents. [999 NYS2d 27]—

Order, Supreme Court, New York County (Geoffrey D.S. Wright, J.), entered May 23, 2013, which, to the extent appealed from as limited by the briefs, granted defendants the City of New York, New York City Police Department and Chad Moritt's (collectively, municipal defendants) motion for summary judgment dismissing the complaint and any cross claims against them, unanimously affirmed, without costs.

Plaintiff was injured on January 3, 2009, when an unmarked police car collided with a taxi, in which plaintiff was a passenger, at the intersection of 27th Street and Seventh Avenue. The officer driving the police vehicle testified that, as he and his partner traveled south on Seventh Avenue, between 28th and 27th Streets, they observed a vehicle commit a traffic infraction. They put on their lights and siren and followed the vehicle to the 27th Street intersection, where the offending vehicle ran through the red light. The officer stopped before entering the intersection, and looked left, the direction from which traffic would have been coming, but saw nothing. He then proceeded through the intersection, where the police vehicle collided with the taxi, which was traveling west on 27th Street.

The court properly granted the municipal defendants' motion for summary judgment. As the police vehicle was an authorized

emergency vehicle (Vehicle and Traffic Law § 101), performing an emergency operation by "pursuing an actual or suspected violator of the law" (Vehicle and Traffic Law § 114-b), the operator was authorized to proceed through the red light, once it slowed down "as may be necessary for safe operation" (Vehicle and Traffic Law § 1104 [a], [b] [2]). Thus, in order to hold the municipal defendants liable, plaintiff must demonstrate that the officer driving the police vehicle acted with "reckless disregard for the safety of others," which requires a showing that he "has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (*Saarinen v Kerr*, 84 NY2d 494, 501 [1994] [internal quotation marks omitted]; *see also Campbell v City of Elmira*, 84 NY2d 505, 510-511 [1994]).

Here, the officer's uncontroverted testimony was that he came to a complete stop prior to entering the intersection. That he looked in the direction of, but did not see, the approaching taxi did not render his conduct reckless (*see Quock v City of New York*, 110 AD3d 488 [1st Dept 2013]). That issues of fact exist as to whether the police lights were on (which plaintiff saw prior to the accident, but the taxi driver testified he did not), or whether the siren was activated, is not material, as a police vehicle performing an emergency operation is not required to activate either of these devices, in order to be entitled to the statutory privilege of passing through a red light (Vehicle and Traffic Law § 1104 [c]). Thus, the evidence demonstrates that the officer driving the police vehicle lawfully exercised the privilege, and appellants have produced no evidence of any other facts or circumstances which would raise a triable issue as to any reckless conduct by the officer. Concur—Gonzalez, P.J., Tom, Friedman, Acosta and Moskowitz, JJ.