■ JOHN M. LACEY, Appellant-Respondent, v CITY OF SYRACUSE et al., Respondents-Appellants. [41 NYS3d 830]—

Appeal and cross appeal from an amended order of the Supreme Court, Onondaga County (Hugh A. Gilbert, J.), entered July 22, 2015. The amended order denied the motion of defendants and the cross motion of plaintiff for summary judgment and ordered a bifurcated trial.

It is hereby ordered that the amended order so appealed from is unanimously modified on the law by granting defendants' motion and dismissing the complaint and by vacating the second and third ordering paragraphs and as modified the amended order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he allegedly sustained when the bicycle he was riding collided with a police vehicle driven by defendant Edward S. Boles (defendant officer). Shortly before the collision, defendant officer observed a motorist commit a traffic violation and followed the motorist with the intention of giving the driver a verbal warning. The motorist brought the vehicle to a stop at a red light and, after defendant officer stopped his vehicle behind the motorist, he intermittently moved the vehicle forward into the intersection in an attempt to get the attention of the driver and to speak with her about what he had observed. Plaintiff entered the intersection on his bicycle with the green light and collided with the police vehicle. According to defendant officer, the police vehicle was stopped at the time of the collision. According to plaintiff, defendant of-

ficer was moving the police vehicle into plaintiff's path of travel at the time of the collision.

Defendants moved for, inter alia, summary judgment dismissing the complaint on the ground that defendant officer's conduct was measured by the "reckless disregard" standard under Vehicle and Traffic Law § 1104 and that his operation of the police vehicle was not reckless as a matter of law. Plaintiff cross-moved for summary judgment. Supreme Court determined, inter alia, that there were questions of fact that precluded summary judgment for either party, and the court granted the alternative request for bifurcation in defendants' motion. We modify the amended order by granting defendants' motion and dismissing the complaint, and by vacating the ordering paragraphs concerning bifurcation.

Initially, we note that there is no dispute that defendant officer was operating an "authorized emergency vehicle" (Vehicle and Traffic Law § 101). We reject plaintiff's contention that, in determining whether defendant officer's operation of the police vehicle qualifies as an "emergency operation" within the meaning of Vehicle and Traffic Law § 114-b, we should adopt the definition of "pursuit" contained in the operations manual of defendant City of Syracuse Police Department (see *Criscione v City of New York*, 97 NY2d 152, 157-158 [2001]). Likewise, it is irrelevant whether defendant officer believed he was involved in an emergency operation (see *id.* at 158). Contrary to plaintiff's further contentions, we conclude that defendant officer's actions constituted an "emergency operation" as contemplated by Vehicle and Traffic Law § 114-b (see *Connelly v City of Syracuse*, 103 AD3d 1242, 1242 [2013]); the applicable standard of liability is reckless disregard for the safety of others rather than ordinary negligence (see § 1104 [e]; *Criscione*, 97 NY2d at 154); and defendants established as a matter of law that defendant officer's conduct did not constitute the type of recklessness necessary for liability to attach (see *Szczerbiak v Pilat*, 90 NY2d 553, 556-557 [1997]). Plaintiff failed to raise a triable issue of fact to defeat defendants' entitlement to summary judgment dismissing the complaint (see *Nikolov v Town of Cheektowaga*, 96 AD3d 1372, 1373 [2012]; see generally *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In light of our determination, we do not reach the parties' remaining contentions. Present—Centra, J.P., Carni, Lindley, Curran and Scudder, JJ.