■ LINDSEY GREEN, Respondent, v MEGAN ZARELLA et al., Appellants. [61 NYS3d 6]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered October 19, 2015, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Defendants demonstrated that defendant police officer was engaged in an "emergency operation" within the meaning of Vehicle and Traffic Law § 1104, by submitting evidence that the officer was responding to a radio call about a "man with a gun" when her police vehicle struck plaintiff (*see Criscione v City of New York*, 97 NY2d 152 [2001]; Vehicle and Traffic Law §§ 114-b, 101). Defendants' evidence also showed that the officer was engaged in conduct privileged under the statute at the time of the accident, since her vehicle straddled and then crossed the double yellow lines, in disregard of regulations "governing directions of movement" (Vehicle and Traffic Law § 1104 [b] [4]). Accordingly, defendants demonstrated that the officer's conduct is to be assessed under the statute's "reckless disregard" standard (Vehicle and Traffic Law § 1104 [e]; *Frezzell v City of New York*, 24 NY3d 213, 217 [2014], *affg* 105 AD3d 620 [1st Dept 2013]; *Kabir v County of Monroe*, 16 NY3d 217, 220 [2011]; *Asante v Asante*, 135 AD3d 562 [1st Dept 2016]).

Defendants further demonstrated that the officer did not operate the police vehicle in reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104 [e]; *Kabir*, 16 NY3d 217; *Saarinen v Kerr*, 84 NY2d 494 [1994]). The officer testified that traffic warranted moving her vehicle left and operating it on the double yellow lines to avoid the stopped vehicles to her right and ahead of her. The officer had no duty to engage her sirens or lights, as she was operating a police vehicle, and her failure to do so was not evidence of recklessness (*see* Vehicle and Traffic Law § 1104 [c]; *Frezzell*, 105 AD3d at 621). Moreover, the officer testified that she attempted to avoid plaintiff, who was standing on the double yellow lines, by swerving behind her, an assertion that plaintiff supported with her own testimony (*see Asante*, 135 AD3d at 562).

In opposition, plaintiff failed to present evidence showing that there was no emergency, and failed to raise an issue of fact as to whether the officer acted in reckless disregard for the safety of others. Concur—Sweeny, J.P., Renwick, Kapnick, Kern and Moulton, JJ.