■ Daphne O.B. Lewis, Appellant, v City of New York et al., Respondents. [63 NYS3d 241]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered May 19, 2016, which, in an action for personal injuries sustained in a motor vehicle accident, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants' motion for summary judgment was properly granted since the record shows that defendant Kohler, a police officer, was operating a police vehicle while performing an emergency operation and did not recklessly disregard the safety of others before the accident happened (*see Daniels v City of New York*, 28 AD3d 415 [2d Dept 2006], *lv dismissed in part, denied in part* 7 NY3d 825 [2006]). The fact that Koehler was mistaken in believing that plaintiff was stopping her vehicle when he proceeded to pass through the red light did not render his conduct reckless. Koehler testified that as he approached the intersection, he reduced his speed and looked left and right. He was traveling approximately 10 miles above the speed limit when the accident occurred. Koehler attempted to avoid colliding with plaintiff by braking hard and turning the steering wheel to the right upon realizing that plaintiff's vehicle had entered the intersection (*see Frezzell v City of New York*, 105 AD3d 620 [1st Dept 2013], *affd* 24 NY3d 213 [2014]; *Quock v City of New York*, 110 AD3d 488 [1st Dept 2013]). The fact that there is a question as to whether the police vehicle's lights and siren were activated is not material because Koehler was not required to activate either of these devices in order to be entitled to the statutory privilege of passing through a red light (*see Flynn v Sambuca Taxi, LLC*, 123 AD3d 501, 502 [1st Dept 2014]). Concur—Manzanet-Daniels, J.P., Andrias, Gische, Kern and Singh, JJ.

■ The People of the State of New York, Respondent, v Daquan Trent, Appellant. [63 NYS3d 231]—Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered September 3, 2015, unanimously affirmed.

Although we find that defendant did not make a valid waiver of the right to appeal, we perceive no basis for reducing the sentence. Concur—Manzanet-Daniels, J.P., Andrias, Gische, Kern and Singh, JJ.