Deno v Belliard (2018 NY Slip Op 07264)





Deno v Belliard


2018 NY Slip Op 07264


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Sweeny, J.P., Mazzarelli, Kahn, Oing, Singh, JJ.


7483 305172/12 84028/12

[*1]Licelot Deno, Plaintiff,
v
Persio Belliard, et al., Defendants.
Persio Belliard, et al., Third-Party Plaintiffs-Respondents,
v
The City of New York, et al., Third Party Defendants-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for appellants.
The Lubowitz Law Firm, Scarsdale (Susan I. Lubowitz of counsel), for respondents.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about May 25, 2017, which, insofar as appealed from as limited by the briefs, denied third-party defendants' motion for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Dismissal of the third-party complaint is warranted in this personal injury action arising from a two-car accident between a police car owned and operated by third-party defendants and a taxi cab owned and operated by defendants/third-party plaintiffs. The accident occurred when the police car, while responding to an emergency call, drove through a red light. Plaintiff, who was a passenger in the police vehicle, commenced an action against the owner and operator of the taxi cab, who then brought a third-party action.
Here, third-party defendant police officer testified that he came to a complete stop before entering the intersection and looked in the direction of the taxi, but did not see it. Accordingly, the officer's testimony demonstrated that his actions were not reckless as a matter of law (see Flynn v Sambuca Taxi, LLC, 123 AD3d 501, 502 [1st Dept 2014]; see also Quock v City of New York, 110 AD3d 488, 489 [1st Dept 2013]), and third-party plaintiffs' attempts to undermine the officer's credibility are unpersuasive. While there is a question as to whether the police car's sirens were activated at the time of the accident, this issue is "not material, as a police vehicle performing an emergency operation is not required to activate [lights or sirens] in order to be [*2]entitled to the statutory privilege of passing through a red light" (Flynn at 502; see Lewis v City of New York, 155 AD3d 441 [1st Dept 2017]; Vehicle and Traffic Law § 1104[c]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK