Anderson v Suffolk County Police Dept. (2020 NY Slip Op 01894)





Anderson v Suffolk County Police Dept.


2020 NY Slip Op 01894


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-06572
 (Index No. 35114/12)

[*1]Liisa M. Anderson, respondent, 
v
Suffolk County Police Department et al., appellants.


Dennis M. Brown, County Attorney, Hauppauge, NY (Diana T. Bishop of counsel), for appellants.
Cellino & Barnes, P.C., Melville, NY (Joshua B. Sandberg of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated April 26, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when a vehicle she was operating collided with a police vehicle operated by the defendant Moira T. Larmour, a police officer. According to Larmour's deposition testimony, the collision occurred when Larmour, who had been traveling west, made an "exaggerated u-turn" in an attempt to conduct a traffic stop of an unrelated vehicle for an allegedly expired inspection sticker and accelerated her vehicle, which spun on wet pavement and came into contact with the plaintiff's vehicle, which was traveling east.
The plaintiff moved, inter alia, for summary judgment on the issue of liability. She contended, among other things, that the reckless disregard standard of care in Vehicle and Traffic Law § 1104 did not apply to Larmour's conduct. In an order dated April 26, 2017, the Supreme Court, inter alia, granted that branch of the plaintiff's motion. The court concluded that the reckless disregard standard did not apply. The defendants appeal.
Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of authorized emergency vehicles from certain traffic laws when they are involved in an "emergency operation" (see Frezzell v City of New York, 24 NY3d 213; Torres v Saint Vincent's Catholic Med. Ctrs. of N.Y., 117 AD3d 717, 717-718; see also Kabir v County of Monroe, 16 NY3d 217). An "emergency operation" is defined under Vehicle and Traffic Law § 114-b as, among other things, pursuing an "actual or suspected violator of the law." Those privileges set forth in Vehicle and Traffic Law § 1104 include passing through red lights and stop signs, exceeding the speed limit, and disregarding regulations [*2]governing the direction of movement or turning in specified directions (see Vehicle and Traffic Law § 1104[a], [b]). However, pursuant to Vehicle and Traffic Law § 1104(e), "[t]he foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his [or her] reckless disregard for the safety of others." This is commonly referred to as the reckless disregard standard of care, which requires a plaintiff to establish that a police officer acted in reckless disregard for the safety of others in order to impose civil liability upon that officer (see Saarinen v Kerr, 84 NY2d 494, 502; Starkman v City of Long Beach, 106 AD3d 1076, 1077; see also Vehicle and Traffic Law § 1104[e]).
The reckless disregard standard of care is applicable only "when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b)" (Kabir v County of Monroe, 16 NY3d at 220). " The reckless disregard' standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow'" (Quintana v Wallace, 95 AD3d 1287, 1287, quoting Ferrara v Village of Chester, 57 AD3d 719, 720; see Campbell v City of Elmira, 84 NY2d 505, 510; Saarinen v Kerr, 84 NY2d at 494).
Here, we disagree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment on the issue of liability. The plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Contrary to the court's conclusion, the plaintiff's submissions, including the police accident report and Larmour's deposition testimony, failed to demonstrate that Larmour was not engaged in an emergency operation at the time of the collision for purposes of applying the reckless disregard standard of care (cf. Portalatin v City of New York, 165 AD3d 1302, 1303).
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court