Thompson v City of New York (2022 NY Slip Op 06733)

Thompson v City of New York

2022 NY Slip Op 06733

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2019-11115 
2019-11116
 (Index No. 704686/15)

[*1]Jamie Thompson, respondent, 
v
City of New York, appellant, et al., defendants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Janet L. Zaleon of counsel), for appellant.
Edward W. Armstrong, P.C. (Berson & Budashewitz, New York, NY [Jeffrey A. Berson], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant City of New York appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 28, 2019, and (2) an order of the same court, also entered August 28, 2019. The first order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the third cause of action, which sought to recover damages against the defendant City of New York pursuant to General Municipal Law § 205-e, as was predicated upon violations of Vehicle and Traffic Law §§ 1110, 1111, and 1140, and denied, as academic, that branch of the motion of the defendant City of New York which was to quash a subpoena duces tecum served upon it by the plaintiff. The second order, insofar as appealed from, in effect, denied, as academic, that branch of that defendant's separate motion which was for summary judgment dismissing the third cause of action.
ORDERED that the first order is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the third cause of action as was predicated upon violations of Vehicle and Traffic Law §§ 1110, 1111, and 1140 is denied, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of that branch of the motion of the defendant City of New York which was to quash a subpoena duces tecum served upon it by the plaintiff; and it is further,
ORDERED that the second order is reversed insofar as appealed from, on the law, that branch of the separate motion of the defendant City of New York which was for summary judgment dismissing the third cause of action is denied on the merits; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
On March 3, 2014, the plaintiff, a New York City police officer, was on patrol in a police vehicle operated by her partner, Richad Benbow. The police vehicle collided with a vehicle operated by the defendant Yafa Ilyaich at the intersection of 150th Street and Melbourne Avenue in Queens, which was controlled by a traffic light. The collision occurred when Benbow, who had been [*2]traveling north on 150th Street, entered the intersection against a red light and began to make a left turn into the westbound lane of Melbourne Avenue to pursue a vehicle based upon that vehicle's suspected violation of the law prohibiting excessively tinted windows (see Vehicle and Traffic Law § 375[12-a][b]). The police vehicle came into contact with Ilyaich's vehicle, which had entered the intersection in the westbound lane of Melbourne Avenue with a green light in its favor.
The plaintiff commenced this personal injury action against, among others, Ilyaich and the defendant City of New York, alleging in the third cause of action that the City was liable under General Municipal Law § 205-e based upon, among other things, Benbow's violations of certain sections of the Vehicle and Traffic Law. Subsequently, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the third cause of action. The City moved, among other things, for summary judgment dismissing that cause of action, contending that Benbow's conduct in operating the police vehicle was governed by the reckless disregard standard of care in Vehicle and Traffic Law § 1104, and that Benbow did not act with reckless disregard for the safety of others. In a separate motion, the City moved, inter alia, to quash a subpoena duces tecum served upon it by the plaintiff.
In an order entered August 28, 2019, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the third cause of action as was predicated upon violations of Vehicle and Traffic Law §§ 1110, 1111, and 1140, and denied, as academic, that branch of the City's motion which was to quash the subpoena. In a second order entered August 28, 2019, the court, inter alia, in effect, denied, as academic, that branch of the City's separate motion which was for summary judgment dismissing the third cause of action. The City appeals from both orders.
"Vehicle and Traffic Law § 1104 provides a qualified exemption to drivers of authorized emergency vehicles from certain traffic laws when they are involved in an emergency operation" (Fuchs v City of New York, 186 AD3d 459, 459; see Frezzell v City of New York, 24 NY3d 213, 217; Anderson v Suffolk County Police Dept., 181 AD3d 765, 766). An "emergency operation" is defined as, among other things, "pursuing an actual or suspected violator of the law" (Vehicle and Traffic Law § 114-b; see Anderson v Suffolk County Police Dept., 181 AD3d at 766). "The manner in which a police officer operates his or her vehicle in an emergency situation may not form the basis for civil liability to an injured third party unless the officer acted with reckless disregard for the safety of others" (Baker v City of White Plains, 169 AD3d 980, 981; see Vehicle and Traffic Law § 1104[e]; Saarinen v Kerr, 84 NY2d 494, 501).
Here, the plaintiff does not dispute that Benbow was pursuing a vehicle suspected of violating the law prohibiting excessively tinted windows, and, thus, the parties' submissions established, prima facie, that Benbow's conduct in proceeding into the intersection against a steady red light to pursue a suspected violator of the law was exempted from the rules of the road by Vehicle and Traffic Law § 1104(b), and that, as a result, his conduct was governed by the reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) (see id. §§ 114-b, 1104[b][2]; Lacey v City of Syracuse, 144 AD3d 1665, 1666; Flynn v Sambuca Taxi, LLC, 123 AD3d 501, 502; see also Anderson v Suffolk County Police Dept., 181 AD3d at 767). However, those submissions presented a triable issue of fact as to whether Benbow acted with reckless disregard for the safety of others. In contrast to Benbow's deposition testimony that he stopped at the red light and looked in both directions before slowly proceeding into the intersection against the red light, the plaintiff testified at her deposition that she and Benbow were responding to a call of a security alarm at a school, that Benbow did not stop before entering the intersection, that he was going to turn right and looked only to the left, that after he had entered the intersection he said that he "saw something" and suddenly accelerated and turned to the left, without ever looking to the right, that the plaintiff saw Ilyaich's vehicle and said "watch out," and that in response, Benbow then looked to the right, but did not attempt to move the police vehicle away from the collision (see Campbell v City of Elmira, 84 NY2d 505; cf. Levere v City of Syracuse, 173 AD3d 1702, 1704; Woodard v Thomas, 77 AD3d 738, 739).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's [*3]motion which was for summary judgment on the issue of liability on so much of the third cause of action as was predicated upon violations of Vehicle and Traffic Law §§ 1110, 1111 and 1140, and should have denied that branch of the City's motion which was for summary judgment dismissing the third cause of action on the merits. Moreover, the court should have determined the merits of that branch of the City's separate motion which was to quash the subpoena.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court