Robinson v County of Suffolk (2023 NY Slip Op 04786)

Robinson v County of Suffolk

2023 NY Slip Op 04786

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-08104
 (Index No. 609419/18)

[*1]Sarah Robinson, et al., respondents,
v
County of Suffolk, et al., appellants.

Dennis Brown, Acting County Attorney, Hauppauge, NY (Stephanie N. Hill of counsel), for appellants.
Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (David H. Green of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 5, 2020. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On April 19, 2017, at approximately 11:30 p.m., the plaintiff Sarah Robinson (hereinafter the injured plaintiff) allegedly was injured when her vehicle collided with a police vehicle operated by the defendant Eric Dorfman at the intersection of North Country Road and Mount-Sinai Coram Road in Suffolk County. Immediately prior to the accident, the injured plaintiff was driving eastbound on North Country Road and entered the intersection with a green traffic signal. Dorfman was driving southbound on Mount-Sinai Coram Road and entered the intersection with a red traffic signal. In April 2018, the injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. Thereafter, the defendants moved for summary judgment dismissing the complaint, contending that Dorfman's actions were governed by the reckless disregard standard of care pursuant to Vehicle and Traffic Law § 1104 and that Dorfman did not act with reckless disregard for the safety of others. In an order dated October 5, 2020, the Supreme Court denied the defendants' motion. The defendants appeal.
"Vehicle and Traffic Law § 1104 provides a qualified exemption to drivers of authorized emergency vehicles from certain traffic laws when they are involved in an emergency operation" (Thompson v City of New York, 210 AD3d 1031, 1033 [internal quotation marks omitted]). Insofar as relevant here, an "emergency operation" is defined as the operation of an authorized emergency vehicle when such vehicle is "responding to . . . the scene of an accident" or a "police call" (Vehicle and Traffic Law § 114-b; see Criscione v City of New York, 97 NY2d 152, 157; Torres v Saint Vincent's Catholic Med. Ctrs. of N.Y., 117 AD3d 717, 718). "The manner in which a police officer operates his or her vehicle in an emergency situation may not form the basis for civil liability to an injured third party unless the officer acted with reckless disregard for the safety of others" (Baker v City of White Plains, 169 AD3d 980, 981; see Vehicle and Traffic Law § 1104[e]). To act with reckless disregard requires "evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Proce v Town of Stony Point, 185 AD3d 975, 977 [internal quotation marks omitted]).
Here, the defendants established, prima facie, that Dorfman was operating an emergency vehicle while involved in an emergency operation, as he was driving a marked police vehicle while responding to a police dispatch call about an automobile collision with unknown injuries. However, the defendants failed to eliminate triable issues of fact as to whether Dorfman acted with reckless disregard for the safety of others (see Bourdierd v City of Yonkers, 213 AD3d 899, 901; Thompson v City of New York, 210 AD3d at 1034). The defendants' submissions showed that vehicles approaching the intersection on Mount-Sinai Coram Road had limited visibility of eastbound traffic on North Country Road due to the angle of the intersecting roads and a hill crest on North Country Road and that the road conditions were wet at the time of the accident. The defendants' submissions also showed that despite those conditions, Dorfman did not come to a stop to check for oncoming traffic before entering the intersection and merely slowed his vehicle as he approached the intersection. The defendants' submissions, including a transcript of the injured plaintiff's deposition testimony, also failed to eliminate triable issues of fact as to whether Dorfman activated the siren of his vehicle prior to the accident, as the injured plaintiff testified that she did not hear a siren prior to the accident. Thus, the defendants failed to eliminate triable issues of fact as to whether Dorfman's conduct was reckless under the circumstances (see Sanicola v Wantagh Fire Dist., Inc., 187 AD3d 1232, 1232-1233). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the sufficiency of the opposition papers need not be addressed (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiffs' remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court