Seo v City of New York (2024 NY Slip Op 01785)

Seo v City of New York

2024 NY Slip Op 01785

Decided on April 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 02, 2024

Before: Oing, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 153971/19 Appeal No. 1960 Case No. 2023-00846 

[*1]Enoch Kuijeong Seo, Plaintiff-Respondent,
v
The City of New York et al., Defendants-Appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Karin Wolfe of counsel), for appellants.
Harris Keenan & Goldfarb PLLC, New York (Jason Steinberg of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered January 4, 2023, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants demonstrated that defendant police officer was engaged in an "emergency operation" within the meaning of Vehicle and Traffic Law § 1104 by submitting evidence that the officer was responding to a radio call about a man with a gun when his police vehicle struck plaintiff's car (see Criscione v City of New York, 97 NY2d 152 [2001]). Accordingly, defendants demonstrated that the officer's conduct is to be assessed under the statute's "reckless disregard" standard (Vehicle and Traffic Law § 1104 [e]; Frezzell v City of New York, 24 NY3d 213, 217 [2014]).
Defendants further demonstrated that the officer did not operate the police vehicle in reckless disregard for the safety of others (see Vehicle and Traffic Law § 1104 [e]; Lewis v City of New York, 155 AD3d 441, 441 [1st Dept 2017]; Flynn v Sambuca Taxi, LLC, 123 AD3d 501, 502 [1st Dept 2014]). The officer testified that he approached a red light with a vehicle stopped at the intersection, so he had to cross the double yellow lines to avoid it. He also testified that he reduced his speed and looked both ways when approaching the red light at the intersection. The officer attempted to avoid colliding with plaintiff by braking hard and swerving upon realizing that plaintiff's car had entered the intersection.
In opposition, plaintiff submitted an affirmation conceding that defendant police officer was responding to an emergency. After defendants submitted their reply papers, plaintiff filed an amended affirmation. In the amended affirmation, plaintiff argued for the first time that defendants had not produced any documentary evidence proving that there was a radio call about a man with a gun. Plaintiff offered no explanation for the change in his position, which defendant had no opportunity to respond to. In its decision, the motion court explicitly considered the statements in plaintiff's amended affirmation. This was erroneous. On appeal, plaintiff offers no reasonable explanation for his change in position. Moreover, the amended affirmation did not include a request to withdraw or modify plaintiff's Counter Statement of Facts pursuant to Rule 202.8-g (22 NYCRR 202.8-g[c]), in which plaintiff had also conceded that the police were responding to an emergency. Even if the court had properly considered the amended affirmation, plaintiff failed to present any evidence calling into question or otherwise rebutting the sworn statements of the police officers involved in the accident that they were responding to an emergency.
Plaintiff also failed to raise an issue of fact as to whether the officer acted in reckless disregard for the safety of others. Plaintiff attempts to raise a question of fact as to whether [*2]the police vehicle's lights and sirens were activated. However, those facts are not material because the officer was not required to activate either of these devices in order to be entitled to the statutory privilege of passing through a red light (see Vehicle and Traffic Law § 1104 [c]; Flynn, 123 AD3d at 502). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 2, 2024