Yuet C. Chiu-Yu v Chin (2024 NY Slip Op 06273)

Yuet C. Chiu-Yu v Chin

2024 NY Slip Op 06273

Decided on December 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2024

Before: Kern, J.P., Kapnick, González, Mendez, O'Neill Levy, JJ. 

Index No. 450003/20 Appeal No. 3235 Case No. 2023-01835 

[*1]Yuet C. Chiu-Yu, Plaintiff-Respondent,
v
Daniel Chin et al., Defendants-Appellants.

Muriel Goode-Trufant, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for appellants.
Edelman, Krasin & Jaye, PLLC, Westbury (Monica P. Becker of counsel), for respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered March 7, 2023, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff seeks to recover from injuries she sustained when she was struck by a police van, driving westbound in an eastbound lane on West 34th Street, after she stepped into the street from between parked cars outside of an intersection. Defendants demonstrated that defendant police officer was engaged in an "emergency operation" within the meaning of Vehicle and Traffic Law § 1104, by submitting evidence that he was responding to a radio call about an "assault in progress" at the time of the accident (see Criscione v City of New York, 97 NY2d 152, 154 [2001]). The police officer therefore was privileged to drive in the wrong direction on the roadway (see Vehicle and Traffic Law § 1104[b][4]; Green v Zarella, 153 AD3d 1162, 1163 [1st Dept 2017]), and can be found liable only if he operated the vehicle in reckless disregard for the safety of others (Vehicle and Traffic Law § 1104[e]; see Frezzell v City of New York, 24 NY3d 213, 217 [2014]).
Defendants demonstrated that the officer did not act with reckless disregard based on his testimony that he entered the eastbound lane after ascertaining that there was no traffic, turned on the siren and lights, and was unable to avoid striking plaintiff when she stepped out in front of the police van, despite hitting the brakes hard (see Saarinen v Kerr, 84 NY2d 494, 501 [1994]; Seo v City of New York, 226 AD3d 413, 413 [1st Dept 2024]; Green v Zarella, 153 AD3d at 1163).
In opposition, plaintiff failed to raise an issue of fact as to whether the officer acted in reckless disregard for the safety of others. The fact that the officer testified that he avoided colliding with other pedestrians who had stepped into the street prior to the accident does not establish that he "intentionally" and "unreasonabl[y]" disregarded "a known or obvious risk that was so great as to make it highly probable that harm would follow" (Saarinen, 84 NY2d at 501 [internal quotation marks omitted]).There is no evidence that the officer was speeding and, in any event, speeding is privileged conduct for an authorized emergency vehicle (Vehicle and Traffic Law § 1104[b][3]) and does not constitute evidence of recklessness by the officer responding to an emergency (see Perez v City of New York, 80 AD3d 543, 544 [1st Dept 2011]). Nor can plaintiff based on her testimony raise an issue of fact concerning whether the officer failed to activate the rumbler siren, or other siren tones or lights. She stated that she did not see the vehicle prior to impact and could not remember if she heard sirens or saw lights. In any event, since the officer had no duty to engage his sirens or lights, failure to do so was not evidence of recklessness[*2](see Vehicle and Traffic Law § 1104[c]; see also Frezzell, 105 AD3d at 621).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2024