Begum v Marzullo (2025 NY Slip Op 04621)

Begum v Marzullo

2025 NY Slip Op 04621

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2024-00632
 (Index No. 605306/20)

[*1]Mossammat S. Begum, appellant, 
v
Michael Marzullo, et al., respondents.

Sanders Aronova Grossman Woycik Viener & Kalant, PLLC, Garden City, NY (Mark R. Bernstein of counsel), for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Stephen Carlin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated October 19, 2023. The order denied the plaintiff's motion for summary judgment on the issue of the defendants' liability.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she alleged she sustained in May 2019 when her vehicle collided with a marked police vehicle operated by the defendant Michael Marzullo and owned by the defendant Suffolk County Police Department within an intersection in Suffolk County. The plaintiff moved for summary judgment on the issue of the defendants' liability. In an order dated October 19, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of emergency vehicles from certain traffic laws when they are involved in an emergency operation, and precludes the imposition of liability for otherwise privileged conduct except where the driver acted in reckless disregard for the safety of others" (Haniff v City of New York, 233 AD3d 948, 949, citing Saarinen v Kerr, 84 NY2d 494, 497). "This standard demands more than a showing of a lack of due care under the circumstances—the showing typically associated with ordinary negligence claims. It requires evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d at 501 [internal quotation marks omitted]).
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (De Corona v Village of Val. Stream, 209 AD3d 837, 838 [internal quotation marks omitted]; see Kabir v County of Monroe, 16 NY3d 217, 220).
Here, the plaintiff failed to demonstrate her prima facie entitlement to judgment as a matter of law on the issue of the defendants' liability. Initially, the plaintiff failed to eliminate triable issues of fact as to whether Marzullo was involved in an emergency operation and engaged in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b) (see Frezzell v City of New York, 24 NY3d 213, 217). Thus, the plaintiff failed to establish, prima facie, that ordinary principles of negligence, rather than the recklessness standard of Vehicle and Traffice Law § 1104(e), applied to Marzullo's conduct (see Vehicle and Traffic Law §§ 1104[b][3]; [e]). The plaintiff also failed to show, prima facie, that Marzullo's conduct was reckless, as a matter of law (see Robinson v County of Suffolk, 219 AD3d 1542).
Given the plaintiff's failure to establish her prima facie entitlement to judgment as a matter of law on the issue of the defendants' liability, the Supreme Court did not need to consider the sufficiency of the defendants' opposing papers.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court