Tammy K. v State of New York (2025 NY Slip Op 06497)

Tammy K. v State of New York

2025 NY Slip Op 06497

Decided on November 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

871 CA 24-01532

[*1]TAMMY K., PHILLIP K., HER SPOUSE, AND TAMMY AND PHILLIP K., INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF MINORS P.K.J. AND N.K., CLAIMANTS-APPELLANTS,
v
STATE OF NEW YORK, NEW YORK STATE POLICE, AND NEW YORK STATE TROOPER CHAD BERRY, DEFENDANTS-RESPONDENTS. (CLAIM NO. 136486.) 

THE MORRIS LAW FIRM, BUFFALO (NICOLE D. JONES OF COUNSEL), FOR CLAIMANTS-APPELLANTS.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SEAN P. MIX OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Court of Claims (J. David Sampson, J.), entered August 28, 2024, in a personal injury action. The order, insofar as appealed from, granted the motion of defendants for summary judgment and dismissed the claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimants, individually and as the parents and natural guardians of their minor children, commenced this action seeking damages related to injuries claimant Tammy K. and her children allegedly suffered when the vehicle Tammy was operating collided with a vehicle operated by defendant New York State Trooper Chad Barry. Claimants alleged that the trooper "negligently and recklessly attempted pursuit of a 'traffic violator' " by making a U-turn into oncoming traffic.
Following discovery, defendants moved for summary judgment dismissing the claim, contending that the Court of Claims lacked jurisdiction over the individual trooper, the trooper's actions were privileged under Vehicle and Traffic Law § 1104, and the trooper did not act with "reckless disregard for the safety of others" (§ 1104 [e]). Claimants opposed the motion and cross-moved for summary judgment on the claim. According to claimants, the trooper was negligent, the reckless disregard standard of care in section 1104 did not apply to the case, and, even if that standard of care applied, the trooper's conduct was reckless. The court granted the motion and denied the cross-motion on grounds that it lacked jurisdiction over the individual trooper and defendant New York State Police (NYSP), the reckless disregard standard of care applied, and, as a matter of law, the trooper's conduct did not rise to the level of reckless disregard for the safety of others. Claimants appeal, and we now affirm.
Preliminarily, we note that, although the court also granted the motion insofar as it sought summary judgment dismissing the claims related to the children, claimants do not challenge that determination on appeal. We therefore deem any such challenge abandoned (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Contrary to claimants' contention, the court did not err in granting that part of the motion seeking summary judgment dismissing the claim against the trooper on the ground that the court lacked jurisdiction over him. "[T]he jurisdiction of the Court of Claims is limited and does not [*2]extend to claims against individuals" (Smith v State of New York, 72 AD2d 937, 938 [4th Dept 1979]; see Cappetta v State of New York, 240 AD3d 1066, 1066-1067 [3d Dept 2025]; see generally Court of Claims Act § 9; Morell v Balasubramanian, 70 NY2d 297, 300-301 [1987]), such as the trooper. The same rule applies to state agencies, including the NYSP, where, as here, "the State is the real party in interest" (Morell, 70 NY2d at 300).
We further conclude that the court properly granted the motion insofar as it sought summary judgment dismissing the claim against defendant State of New York. Contrary to claimants' contention, the reckless disregard standard of Vehicle and Traffic Law § 1104 (e) applies here. Vehicle and Traffic Law § 1104 (a) permits the driver of "an authorized emergency vehicle, when involved in an emergency operation, [to] exercise the privileges set forth in [that] section," subject to certain conditions not applicable here. One of those "privileges" is the ability to "[d]isregard regulations governing directions of movement or turning in specified directions" (§ 1104 [b] [4]). Although claimants concede that the trooper was operating an authorized emergency vehicle at the time of the accident, they contend that he was not engaged in an emergency operation when he made a U-turn to investigate a mere traffic infraction that posed no danger to the public. We disagree.
As defined in Vehicle and Traffic Law § 114-b, the term "emergency operation" includes pursuit of "an actual or suspected violator of the law." Qualifying violations of the law include minor traffic infractions such as driving with excessively tinted windows (see Thompson v City of New York, 210 AD3d 1031, 1033-1034 [2d Dept 2022]) or operating a motor vehicle with an expired inspection sticker (see Anderson v Suffolk County Police Dept., 181 AD3d 765, 765 [2d Dept 2020]). Moreover, a U-turn, such as the one made by the trooper, is privileged conduct (see id.; Flood v City of Syracuse, 166 AD3d 1573, 1573 [4th Dept 2018]; Dodds v Town of Hamburg, 117 AD3d 1428, 1429 [4th Dept 2014]). Inasmuch as the trooper was engaged in an emergency operation when he attempted the U-turn, his conduct is governed by the reckless disregard standard of care in section 1104 (e).
Finally, we conclude that defendants met their burden of establishing that the trooper was not reckless in the manner in which he executed his U-turn and that claimants failed to raise a triable issue of fact in opposition. As we have stated in prior U-turn cases, a momentary lapse in judgment " 'does not alone rise to the level of recklessness required of the driver of an emergency vehicle in order for liability to attach' " (Dodds, 117 AD3d at 1429, quoting Szczerbiak v Pilat, 90 NY2d 553, 557 [1997]; see Flood, 166 AD3d at 1573).
Entered: November 21, 2025
Ann Dillon Flynn
Clerk of the Court